# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RENARD K. THAYER,
  Appellant,

v.

DEPARTMENT OF THE AIR FORCE,
  Agency.

DOCKET NUMBER
DE-0752-20-0190-I-1

DATE:  January 30, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Renard K. Thayer</u>, Cottonwood Heights, Utah, pro se.

<u>Don Evans</u>, Esquire, Hill Air Force Base, Utah, for the agency.

## BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

\* The Board members voted on this decision before January 20, 2025.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction.  On petition for review, the appellant argues that his retirement was the result of duress and coercion, the administrative judge favored the agency by dismissing his appeal

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

for lack of jurisdiction because of the lack of a Board quorum, and the agency removed him in reprisal for a prior grievance about race and age discrimination. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Although the administrative judge correctly adjudicated this appeal as an involuntary retirement appeal, it is appropriate to first address the application of 5 U.S.C. § 7701(j) to this matter. That statutory provision provides that, in determining whether a removal is appealable to the Board, "an individual's status under any retirement system established by or under Federal statute nor any election made by such individual under any such system may be taken into account." 5 U.S.C. § 7701(j). In other words, once a final decision to remove is issued, an employee's decision to retire is irrelevant when determining whether the Board has jurisdiction over a removal claim. *See Mays v. Department of Transportation*, 27 F.3d 1577, 1580 (Fed. Cir. 1994). Further, as the statute says nothing about pre- or post-removal retirement, the timing of the employee's election to retire in relation to the effective date of the removal is irrelevant. *Id*.

However, if the agency cancels or rescinds the removal, allowing the appellant to retire without reference to the removal in his official personnel file, then the removal is rendered moot and the Board lacks jurisdiction. *See Jenkins v. Merit Systems Protection Board*, 911 F.3d 1370, 1374 (Fed. Cir. 2019). The court in *Jenkins* explained that, because the agency removed all references to the removal action from the appellant's personnel file, it "eliminat[ed] any potential consequences the removal could have had on [the appellant's] retirement." *Id*. By rescinding the removal decision and cleaning the appellant's personnel file, the court determined that the agency mooted the improper removal claim and left the Board without jurisdiction. *Id*.

Here, the agency cancelled the appellant's removal and allowed the appellant to retire with a clean record, thus rendering an appeal of the removal moot. The agency issued a Standard Form 50 stating that the appellant retired voluntarily effective February 26, 2020 and contains no reference to the removal. Initial Appeal File (IAF), Tab 14 at 10. Further, it does not appear that the removal is referenced in any other location in the appellant's personnel file. Because the agency cancelled the appellant's removal, it rendered the appellant's appeal of his removal moot, leaving the Board without jurisdiction over this claim. *Jenkins*, 911 F.3d at 1374.

Regarding the appellant's claim that his retirement was involuntary, we agree with the administrative judge that the appellant failed to establish a nonfrivolous allegation that his retirement was involuntary. IAF, Tab 17, Initial Decision (ID). An employee-initiated action, such as resignation or retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). In order to overcome the presumption that a resignation or retirement was voluntary, an employee must show that (1) the resignation or retirement was the product of misinformation or deception by the agency; or (2) the resignation or retirement was the product of coercion by the agency. *Id*. at ¶ 19. There is no evidence in

the record that the appellant's decision to retire was the result of the agency's misinformation, deception, or coercion and thus we concur with the analysis contained in the initial decision and find that the Board does not have jurisdiction over the appellant's appeal.  ID at 4-6.

We interpret the appellant's claim of favoritism by the administrative judge as a claim of bias.  We find that he has failed to overcome the presumption of honesty and integrity that accompanies administrative adjudicators and observe that he has not shown that the administrative judge possessed a "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  Any claim that the lack of a quorum influenced the administrative judge's decision is overcome by our decision affirming the initial decision—a decision issued by a quorum of the Board.

Finally, regarding the appellant's reprisal claim, although reprisal for exercising a grievance right is a prohibited personnel practice under 5 U.S.C. § 2302(b)(9), the Board only has jurisdiction if the previous grievance filed by the appellant concerned remedying an alleged violation of 5 U.S.C. § 2302(b)(8).  *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 6-7 (2013).  Allegations of retaliation for exercising a Title VII right, however, do not fall within the scope of 5 U.S.C. § 2302(b)(8).  *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020); *Santillan v. Department of the Air Force*, 53 M.S.P.R. 487, 491 (1992) (holding that the Board had no jurisdiction under 5 U.S.C. § 2302(b)(8) to consider the merits of the allegations of reprisal made within the context of an EEO complaint).  Because the appellant exercised a Title VII right in the grievance, the appellant's claim of retaliation does not afford the Board jurisdiction in this matter.[2]

---

[2] Because the appellant raised a claim of discrimination in this constructive adverse action appeal, and the Board has now issued a Final Order dismissing the appeal for

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

lack of jurisdiction, the agency is now required, under Equal Employment Opportunity Commission (EEOC) regulations, to reissue a notice under 29 C.F.R. § 1614.108(f) giving the appellant the right to elect between a hearing before an EEOC administrative judge and an immediate final decision. *See* 29 C.F.R. § 1614.302(b).

[3] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.